FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 MAY -3 PM 3:59
CLERK R Ces
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AL RICO MAPP,

    Plaintiff,

vs.

GEORGIA DEPARTMENT OF
CORRECTIONS; JOE BURNETTE,
Deputy Warden; STEPHEN UPTON,
Warden; DANE DASHER, Deputy
Warden; Officer CARTER; Officer
CRABTREE; Lt. RODNEY JACKSON;
Officer NORRIS HERNDON; Officer
JAVANKA JOHNSON; Officer
SIMMONS; Officer ALTON MOBLEY;
and Officer JAMIE ANDERSON,

    Defendants.

CIVIL ACTION NO.: CV610-090

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Al Rico Mapp ("Plaintiff"), who is currently housed at Georgia State Prison ("GSP") in Reidsville, Georgia, filed a Complaint, as amended, through counsel. Defendants filed a Motion to Dismiss, and Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff states that Defendants Christopher Carter and Terry Crabtree allowed another inmate to assault him during an escort to the showers on October 23, 2008. Plaintiff asserts that Defendants Rodney Jackson, Norris Herndon, Javanka Johnson, and Trace Simmons later intervened to end this assault. Plaintiff alleges that Defendant Joe Burnette, a Deputy Warden at GSP, spread "rumor and innuendo" about Plaintiff,

which "was aimed at inciting inmates and officers to violence against him." (Doc. No. 1, p. 6). Plaintiff contends that he filed a grievance about these actions on February 24, 2009, after Defendant Burnette verbally threatened him.

Plaintiff also contends that he sent an *ante litem* notice to the Department of Administrative Services, Risk Management Division, on October 22, 2009, detailing the alleged events of October 23, 2008. Plaintiff avers that he was subjected to "further retaliation" as a result of this filing when, on November 16, 2009, Defendant Alton Mobley performed a strip search and then assaulted Plaintiff. Plaintiff contends that this assault led to physical injuries requiring medical attention.

In addition, Plaintiff asserts that Defendant Jamie Anderson filed a disciplinary report on February 20, 2010, against Plaintiff due to Plaintiff's failure to follow instructions, insubordination, and making threats. Finally, Plaintiff asserts that, on March 20, 2010, Defendant Anderson assaulted him after Plaintiff filed a grievance against Defendant Anderson alleging that he withheld breakfast from Plaintiff.

Defendants assert that Plaintiff's Complaint should be dismissed in its entirety.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Service of Complaint

Because Plaintiff is represented by counsel, this Court did not conduct a frivolity review of his Complaint, nor did the Court direct the United States Marshals Service to serve Plaintiff's Complaint upon Defendants. It was only after the filing of Defendants' Motion to Dismiss that the Court was made aware that Defendants Christopher Carter and Terry Crabtree had not been served with a copy of Plaintiff's Complaint or waived service. The undersigned directed Plaintiff's counsel, by Order dated April 7, 2011, to

show good cause why Defendants Carter and Crabtree had not been served within 120 days, as required by Federal Rule of Civil Procedure 4(m). Plaintiff's counsel responded to the undersigned's Order.

Plaintiff's counsel asserts that Plaintiff's incarceration and indigence render him "without substantial assets" to afford private investigative services, but, she has used much of the same research tools those services use. (Doc. No. 32, p. 2). Plaintiff's counsel states that she has "nearly exhausted" the "first line efforts" to locate Defendants Carter and Crabtree, and the search efforts are hampered by the lack of information available about these Defendants. (Id.). Plaintiff's counsel seeks additional time in an attempt to locate Defendants Carter and Crabtree, or, in the alternative, to serve these Defendants by publication.

Plaintiff, through counsel, filed his Complaint on October 25, 2010. From the time of filing until April 25, 2011, the date Plaintiff filed his Response to the undersigned's show cause Order, six (6) months elapsed. Additionally, Plaintiff sets forth claims in his Complaint detailing events beginning on October 23, 2008. Plaintiff has had two and one-half (2½) years to learn Defendants' names and their whereabouts. In addition, Plaintiff was aware of Defendants Carter's and Crabtree's entire names, as he identified these Defendants by their first and last names in his Amended Complaint, which was filed on February 14, 2011. Further, it is of no moment that Plaintiff is incarcerated or indigent, as Plaintiff is represented by counsel; counsel should have investigative resources at her disposal and should have used those resources on Plaintiff's behalf. Plaintiff and his counsel have had ample opportunity to locate Defendants Carter and Crabtree. Further, as counsel is or should be aware,

AO 72A
(Rev. 8/82)

there is nothing in the Federal Rules of Civil Procedure or this Court's Local Rules which permits service of a complaint by publication. Due to Plaintiff's failure to show good cause for his inability to serve Defendants Carter and Crabtree in a timely manner, his claims against Defendants Carter and Crabtree should be **dismissed**, without prejudice.

## II. Unrelated Claims

By Order dated April 5, 2011, Plaintiff's counsel was informed that the Complaint filed in this case contained at least three (3) unrelated incidents and was directed to advise the Court of which claim or related claims Plaintiff wished to pursue. Counsel responded to this Order and declares that Plaintiff wishes to pursue those claims detailing events which allegedly occurred on October 23, 2008, and November 16, 2009. The undersigned reminds counsel that the Court already has informed Plaintiff and counsel that these claims are unrelated. In light of counsel's improper response to the undersigned's Order, the undersigned will presume that Plaintiff wishes to pursue those claims stemming from events allegedly occurring on October 23, 2008, for purposes of Defendants' Motion to Dismiss. Accordingly, Plaintiff's claims setting forth events occurring on November 16, 2009, February 14, 2010, and March 20, 2010, should be **dismissed**, without prejudice. Should Plaintiff wish to pursue claims based on his allegations stemming from events occurring on these three (3) dates, he may do so by filing separate complaints.

AO 72A
(Rev. 8/82)

### III. Defendants' Motion to Dismiss

#### A. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

### B. Defendants Jackson, Herndon, Johnson, and Simmons

Defendants allege that Plaintiff's failure to protect claim against Defendants Jackson, Herndon, Johnson, and Simmons is insufficient on its face. Defendants contend that Plaintiff does not allege that he expressed any fear of the inmate who attacked him or any other inmate attacking him. In fact, Defendants allege, Plaintiff admits that the inmate who attacked him stepped out of a hiding space, there was no warning that the inmate was going to attack him, and that Defendants Jackson, Herndon, Johnson, and Simmons were in another area when the assault began and then intervened to end the assault.

Plaintiff contends that Defendants Jackson, Herndon, Johnson, and Simmons intervened to end an assault Plaintiff alleges he suffered at the hands of another inmate.[1] Plaintiff avers that these Defendants intervened only after coming from another area and after he suffered injuries as a result of this assault.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828. Thus, a prison inmate has a constitutional right to be protected from the threat of violence and from physical assault. See Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986). In order to state a section 1983 cause of action against prison officials in this regard, however, a plaintiff must allege at least some degree of conscious or callous indifference on the part of

---

[1] Plaintiff contends that Christopher Carter and Terry Crabtree allowed this inmate to assault him during an escort to the showers. Given the undersigned's recommended disposition of Plaintiff's claims against Carter and Crabtree, Plaintiff's claims against these two (2) Defendants do not warrant further discussion.

6

officials. Id. (citing Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)). Only where there is "a strong likelihood, rather than a mere possibility[,]" of a known risk of injury does a correctional officer's failure to act amount to deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989)).

Plaintiff's failure to protect claim against Defendants Jackson, Herndon, Johnson, and Simmons cannot be sustained. The only allegations presented to the Court in this regard reveal that Defendants Jackson, Herndon, Johnson, and Simmons were not aware that Plaintiff would be assaulted, were in another area at the time the assault began, and intervened in the assault when they arrived at the scene of the assault. The assertions Plaintiff makes in support of his failure to protect claim are wholly insufficient and this claim against Defendants Jackson, Herndon, Johnson, and Simmons should be **dismissed**.

### C. Georgia Department of Corrections

Defendants asserts that Plaintiff cannot sustain a claim against the Georgia Department of Corrections. A lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Will, 491 U.S. at 67. Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections, the Eleventh Amendment immunizes the Georgia Department of Corrections from suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir.

1989). Plaintiff's claims against the Georgia Department of Corrections should be **dismissed**.

### D. Defendants Steve Upton and Dane Dasher

Defendants aver that Plaintiff makes no allegations against Defendants Upton and Dasher other than those based on their supervisory positions. Defendants assert that Plaintiff makes no allegations that Defendants Upton and Dasher participated in, were present during, or had prior knowledge of events occurring on October 23, 2008.

Plaintiff contends that Defendants Upton and Dasher were aware of the actions of their subordinate officers and are "willing to turn their heads and ignore the actions of officers." (Doc. No. 24-1, p. 14). Plaintiff also contends that "there have been other instances of excessive force and failure to protect inmates, be it from other inmates or the guards charged with supervising them under Warden Upton and his Deputy Wardens." (Id.). Plaintiff alleges that there "exists a 'history of widespread abuse' that works to put these supervisors on notice of the need to correct alleged violations and they have failed to do so." (Id. at p. 15).

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must

be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection. Id.

The allegations Plaintiff sets forth against Defendants Upton and Dasher reveal that Plaintiff seeks to hold these Defendants liable based solely on their supervisory positions, despite Plaintiff's opportunities to set forth more than conclusory allegations against Defendants Upton and Dasher. In addition, the only basis of Plaintiff's claims the Court has permitted Plaintiff to proceed with is his failure to protect claim stemming from events allegedly occurring on October 23, 2008, and the undersigned has recommended that that claim be dismissed. Plaintiff's claims against Defendants Upton and Dasher should be **dismissed**.

### E. Defendant Burnette

Defendants assert that Plaintiff cannot sustain a retaliation claim against Defendant Burnette. Defendants contend that, to the extent that Plaintiff is alleging that Defendant Burnette retaliated against him due to Plaintiff making slanderous statements about him, Plaintiff's claim fails because it is not based on any constitutionally protected activity. Plaintiff asserts that he filed a grievance regarding the October 23, 2008, incident, and, before that time, Defendant Burnette harassed him because Plaintiff told other people that Defendant Burnette was caught having an affair with another officer.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim

9

is that a prisoner is penalized for exercising the right of free speech." Id. An "inmate must prove that: (1) 'his speech or act was constitutionally protected'; (2) 'the defendant's retaliatory conduct adversely affected the protected speech'; and (3) 'there is a causal connection between the retaliatory actions and the adverse effect on speech.'" Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005)). "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the [prisoner] for exercising his First Amendment rights." Id. (quoting Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008)). "It is well established that a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Id. (internal citation omitted).

Plaintiff does not set forth a sustainable retaliation claim against Defendant Burnette. Again, the only incident about which the undersigned has permitted Plaintiff to proceed is that which allegedly occurred on October 23, 2008. By Plaintiff's own admission, he did not file a grievance relating to any alleged events until February 2009, and, thus, any alleged retaliatory actions taken by Defendant Burnette in response to Plaintiff's exercise of protected speech could not have occurred until after this grievance was filed. To be clear, even if Plaintiff made statements against Defendant Burnette regarding his alleged affair, this is not constitutionally protected speech upon which to base a retaliation claim. Plaintiff's retaliation claim against Defendant Burnette stemming from events occurring on October 23, 2008, should be **dismissed**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Burnette, Upton, Dasher, Mobley, and Anderson stemming from events allegedly occurring on November 16, 2009, February 14, 2010, and March 20, 2010, and Plaintiff's claims against Defendants Carter and Crabtree be **DISMISSED**, without prejudice. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendants the Georgia Department of Corrections, Jackson, Herndon, Johnson, and Simmons be **DISMISSED**, with prejudice. It is my further **RECOMMENDATION** that Plaintiff's claims against Defendants Upton, Dasher, and Burnette stemming from events occurring on October 23, 2008, be **DISMISSED**, with prejudice.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)