UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AL RICO MAPP,

Plaintiff,

v.                        6:10-cv-90

GEORGIA DEPARTMENT OF CORRECTIONS, JOE BURNETTE, Deputy Warden, STEPHEN UPTON, Warden, DANE DASHER, Deputy Warden, OFFICER CARTER, OFFICER CRABTREE; Lt. RODNEY JACKSON, OFFICER NORRIS HERNDON, OFFICER SIMMONS, OFFICER ALTON MOBLEY, and OFFICER JAMIE ANDERSON,

Defendants.

## ORDER

After an independent and *de novo* review, the Court concurs in part and rejects in part the Magistrate Judge's Report and Recommendation ("R&R"). *See* Doc. 38. Plaintiff objected to the Magistrate Judge's recommendations regarding the dismissal of Plaintiff's claims: (1) concerning any acts unrelated to the October 23, 2008 attack; (2) against Defendants Christopher Carter ("Carter") and Terry Crabtree ("Crabtree"); (3) against Defendants Rodney Jackson ("Jackson"), Norris Herndon ("Herndon"), Javanka Johnson ("Johnson"), and Trace Simmons ("Simmons"); (4) against Defendants Stephen Upton ("Upton") and Dane Dasher ("Dasher"); and (5) against Defendant Joe Burnette ("Burnette"). *See* Doc. 43.

Plaintiff does not object to the Magistrate Judge's recommended dismissal of the Georgia Department of Corrections under the Eleventh Amendment. *See* Doc. 38 at 7-8.

## I. UNRELATED CLAIMS

"Plaintiff's allegations detail events which allegedly occurred over a nearly 18 month time period," and were allegedly committed by separate groups of individuals. *See* Doc. 27 at 2-3.

Persons "may be joined in one action as defendants if:"

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

But a plaintiff "may join, as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 20(a)(2).

The Magistrate Judge advised Plaintiff that his allegations concerning events occurring on October 23, 2008, November 16, 2009, and March 20, 2010 were unrelated because they were purportedly committed by entirely different groups of people. *See* Doc. 27. The Magistrate Judge ordered Plaintiff "to advise the Court within twenty (20) days of this Order which claim or related claims Plaintiff wishes to pursue

in this cause of action." *See* Doc. 27 at 3. Plaintiff responded that he wished to pursue his claims concerning the events occurring on October 23, 2008, and November 16, 2009. *See* Doc. 30 at 1.

The Magistrate Judge held that Plaintiff's response was improper because "the Court ha[d] already informed Plaintiff and counsel that these claims are unrelated." *See* Doc. 38 at 4. The Magistrate Judge then presumed that Plaintiff would wish to pursue only his claims "stemming from events allegedly occurring on October 23, 2008." *See id.* at 11. The Magistrate Judge recommended that Plaintiffs claims relating to November 16, 2009, and March 20, 2010 be dismissed without prejudice. *See id.*

Plaintiff's allegations center around the alleged October 2008 attack. Also, preserving this claim rather than either of the later incidents maximizes Plaintiff's ability to later bring them within the statute of limitations.

Plaintiff claims that the November 16, 2009 incident was in retaliation for his reporting the October 2008 incident. *See* Doc. 43 at 3-6. But to join all defendants together in this suit, Plaintiff must plausibly plead that he is seeking a right to relief against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" or that "any question of law or fact common to all defendants will arise in the action." *See* FED. R. CIV. P. 20(a)(2).

Plaintiff makes no argument that common legal or factual questions will arise in this action and asks instead for a "liberal approach" to these joinder requirements. *See* Doc. 24-1 at 19-21 (Plaintiff's Response to Motion to Dismiss). Defendants Alton Mobley (Mobley") and Jamie Anderson ("Anderson") are improperly joined.

Plaintiff does sufficiently connect Defendants Carter, Crabtree, Jackson, Herndon, Simmons, Johnson, Upton, and Dasher to Burnette with respect to the October 2008 incident. *See* Doc. 8 at 4-5. But for the reasons below, all of those Defendants are dismissed from this suit. Thus, Plaintiff is left with only his claims against Burnette relating to the events occurring on October 23, 2008.

Plaintiff's claims relating to the events of November 16, 2009, and March 20, 2010 are ***DISMISSED***. *See* Doc. 8 at 9-25.

## II. CARTER & CRABTREE

Plaintiff has not shown "good cause" to excuse his failure to timely serve Carter and Crabtree with copies of his Complaint. The Court accepts counsel's assertion that the first names of these Defendants were unknown at the time the Complaint was filed, *see* Doc. 43 at 2; however, Plaintiff and his counsel undoubtedly were aware of the existence of a "Carter" and a "Crabtree" on or before October 22, 2009, as evidenced by the ante litem notice citing these individuals' names, which was hand delivered and signed by counsel. *See* Doc. 1-1.

In addition, Defendants filed a Motion for a More Definite Statement on January 11, 2011, and in that Motion, defense counsel stated, "Defendants *Christopher* Carter and *Terry* Crabtree are no longer employees of the Department, and have not,

to counsel's knowledge, been presented with requests to waive service." *See* Doc. 2-1 at 1 n.1 (emphases added). There is no evidence that counsel attempted to locate these Defendants in the nearly year and a half span between the filing of the ante litem notice and the Magistrate Judge's show cause Order of April 7, 2011.

In short, counsel's efforts to show "good cause" to excuse the failure to serve Crabtree and Carter are unavailing. Plaintiff's claims against Carter and Crabtree, *see* Doc. 8, are ***DISMISSED***.

### III. JACKSON, HERNDON, JOHNSON, & SIMMONS

Plaintiff objects to the Magistrate Judge's recommended dismissal of his claims against Defendants Jackson, Herndon, Johnson, and Simmons. Plaintiff's failure to protect claim cannot be sustained based on general allegations that Georgia State Prison ("GSP") houses "the worst of the worst" or that the inmates at GSP have certain "propensities" which "should lead to the conclusion that there is a strong likelihood of such violent encounters." *See* Doc. 43 at 5.

On October 23, 2008, Defendants Jackson, Herndon, Johnson, and Simmons were not made aware that Plaintiff faced any *particular* danger from another inmate, specifically one who, as Plaintiff readily admits, was hiding before he attacked Plaintiff. *See* Doc. 8 at 4.

Plaintiff expects more from Defendants Jackson, Herndon, Johnson, and Simmons than was constitutionally, or even reasonably, required. Plaintiff's assertion that these Defendants' intervention in Plaintiff's assault at the hands of another inmate resulted in additional physical pain was first raised in Plaintiff's Response to Defendants' Motion to Dismiss, *see* Doc. 24-1 at 8-9, and the Court will not allow Plaintiff to make an additional claim for relief in response to a dispositive motion. *See* Doc. 1 at 6; Doc. 8 at 5.

Plaintiff's claims against Jackson, Herndon, Johnson, and Simmons, *see* Doc. 8, are ***DISMISSED***.

### IV. SUPERVISORS

The Magistrate Judge recommended that the Court dismiss Plaintiff's claims against Upton and Dasher because "Plaintiff [sought] to hold these Defendants liable based solely on their supervisory positions." *See* Doc. 38 at 9. But "liability must be based on something more than the theory of respondeat superior." *Braddy v. Fla. Dep't of Labor and Emp't Sec.*, 133 F.3d 797, 801 (11th Cir. 1998). Plaintiff failed to plead that illegal conduct was "sufficiently widespread so as to put [Upton and Dasher] on notice of the need to act and [they] failed to do so." *See id.* at 802.

Plaintiff's claims against Upton and Dasher, *see* Doc. 8, are ***DISMISSED***.

### V. BURNETTE

The Magistrate Judge recommended that the Court dismiss Plaintiff's retaliation claim against Burnette because Plaintiff's "slanderous statements" about Burnette were not protected activity. *See* Doc. 38 at 9-10. *See Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2005) ("An inmate must establish three elements to prevail on a retaliation claim . . . : (1) his speech or act was

3

constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech.").

In his complaint, Plaintiff alleged that Burnette retaliated against him for making statements regarding an alleged affair Burnette had with a married female correctional officer. *See* Doc. 8 at 5, 10. But Plaintiff also alleged that Burnette's actions were in retaliation for filing prior grievances against Burnette. *See id.*; *see also Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006) ("First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment").

Plaintiff makes no mention of these pre-October 23, 2008 grievances in his response to Defendants' motion to dismiss, *see* Doc. 24-1 at 16-19, or his objections to the Magistrate Judge's R&R, *see* Doc. 43 at 10-12. Instead, Plaintiff argues that his gossip concerning Burnette's alleged affair is protected activity and alone supports his retaliation claim. *See* Doc. 43 at 10-12. But neither party has cited a single case addressing the issue of whether this is protected activity. *See* Docs. 13-1 at 16-20, 24-1 at 16-19, 43 at 10-12, 45 at 15-16.

Plaintiff's filing of a pre-October 2008 grievance would clearly be a protected activity, *see Boxer X*, 437 F.3d at 1112, but the Court cannot know whether such grievances exist at this stage of the litigation. Plaintiff's failure to re-assert such a clearly protected activity, however, portends that they do not.

This likely inaccuracy combined with Plaintiff's failure to appropriately respond to the Magistrate Judge's order to highlight the related claims he wishes to pursue, and the fact that the bulk of Plaintiff's 27 pages of allegations are dismissed, requires a clean slate.

The Court ***ORDERS PLAINTIFF TO FILE AN AMENDED COMPLAINT OUTLINING ONLY HIS CLAIMS RELATED TO BURNETTE'S ACTIONS AND ONLY AS THEY RELATE TO THE ALLEGED OCTOBER 23, 2008 INCIDENT. PLAINTIFF MUST FILE THIS AMENDED COMPLAINT WITHIN TEN (10) DAYS FROM THE DATE OF THIS ORDER.***

Plaintiff is advised to carefully plead his alleged protected activity that elicited Burnette's alleged retaliation in accordance with Federal Rule of Civil Procedure 8(a). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (claim must have "facial plausibility"); *see also* FED. R. CIV. P. 11 ("By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

## VI. CONCLUSION

The Court concurs with the Magistrate Judge's R&R regarding Plaintiff's claims unrelated to the October 23, 2008 incident, and against the Georgia Department of Corrections, and Defendants Carter, Crabtree, Jackson, Herndon, Johnson, Simmons, Upton, and Dasher. Thus, Plaintiff's claims relating to the events of November 16, 2009, and March 20, 2010, and all allegations against the Georgia Department of Corrections, and Defendants Carter, Crabtree, Jackson, Herndon, Johnson, Simmons, Upton, Dasher, Mobley, and Anderson are *DISMISSED*. *See* Doc. 8.

The Court rejects the Magistrate Judge's R&R regarding Defendant Burnette. *See* Doc. 38 at 9-10. The Court *ORDERS PLAINTIFF TO FILE AN AMENDED COMPLAINT OUTLINING ONLY HIS CLAIMS RELATED TO BURNETTE'S ACTIONS AND ONLY AS THEY RELATE TO THE ALLEGED OCTOBER 23, 2008 INCIDENT. PLAINTIFF MUST FILE THIS AMENDED COMPLAINT WITHIN TEN (10) DAYS FROM THE DATE OF THIS ORDER.*

This 20th day of June 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA