FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 JAN 17 P 12: 33
CLERK_____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AL RICO MAPP,

    Plaintiff,

vs.

JOE BURNETTE, Deputy Warden,

    Defendant.

CIVIL ACTION NO.: CV610-090

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed, through counsel, a cause of action pursuant to 42 U.S.C. § 1983. Defendant Joe Burnette ("Defendant") filed a Motion for More Definite Statement, or, in the Alternative, Motion to Dismiss. Plaintiff filed a Response, and Defendant filed a Reply. For the reasons which follow, Defendant's Motion for More Definite Statement is **GRANTED**, and Defendant's Motion to Dismiss should be **GRANTED** in part and **DENIED** in part.

### STATEMENT OF THE CASE

Plaintiff filed a Complaint, as amended. Defendants filed a Motion to Dismiss which, after review, the undersigned recommended be granted in its entirety. The Honorable B. Avant Edenfield concurred with the majority of the undersigned's

recommendation, and dismissed all of the Defendants with the exception of Defendant Burnette. Judge Edenfield directed Plaintiff to file an Amended Complaint "outlining only his claims related to Burnette's actions and only as they relate to the alleged October 23, 2008[,] incident." (Doc. No. 46, p. 5). Plaintiff was also directed to "carefully plead his alleged protected activity that elicited Burnette's alleged retaliation in accordance with Federal Rule of Civil Procedure 8(a)." (Id. at p. 4). Plaintiff filed an Amended Complaint.

In his Amended Complaint, Plaintiff asserts that he "filed several grievances concerning the conditions of his confinement and issues he was having with Defendant Burnette prior to October 23, 2008." (Doc. No. 47, p. 3). Plaintiff also asserts that he made statements about Defendant's alleged relationship with a married guard prior to October 23, 2008. Plaintiff contends that Defendant retaliated against him because of these occurrences by ensuring Plaintiff's grievance procedures were "frustrated" and by spreading "rumor and innuendo . . . aimed at inciting inmates and officers to violence against [Plaintiff]." (Id.).

Defendant responds that Plaintiff's second Amended Complaint does not provide fair notice of what Plaintiff's claims are. Defendant contends that this Amended Complaint is vague and conclusory, and because of this, he is unable to respond appropriately to Plaintiff's second Amended Complaint. Defendant also moves to dismiss any claims against him in his official capacity. Defendant also asserts that Plaintiff's claims may be barred by the applicable statute of limitations, though it is unclear based on the vagueness of Plaintiff's second Amended Complaint. Defendant

further asserts that Plaintiff fails to establish a claim for retaliation and that he is entitled to qualified immunity from suit.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Motion for More Definite Statement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief[.]" Baldwin Co. Welcome Ctr v. Brown, 466 U.S. 147, 150 n.3 (1984). Instead, the Rules simply "[r]equire that the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. (quotation omitted). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "The motion must . . . point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 984 n.70 (11th Cir. 2008) (quoting FED. R. CIV. P. 12(e)).

Defendant contends that Plaintiff's assertions are speculative and conclusory, which render him unable to respond appropriately to Plaintiff's allegations. Defendant also contends that Plaintiff's lack of sufficient pleading forces him to guess at responses and defenses, forces unnecessary litigation, and impedes the Court's ability to administer justice. The undersigned agrees that Plaintiff's assertions appear to be

3

conclusory and comport with Judge Edenfield's directive in no more than a cursory fashion.

II. **Motion to Dismiss**

Defendant asserts that, to the extent Plaintiff sues him in his official capacity, Plaintiff's claims are barred by the Eleventh Amendment. A lawsuit against a prison official in his official capacity is no different from a suit against the government itself; such a defendant is immune. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). As Plaintiff's monetary damages claims against Defendant in his official capacity would be claims against the State of Georgia, this portion of Defendant's Motion should be granted.

## CONCLUSION

Based on the foregoing, Defendant's Motion for a More Definite Statement is **GRANTED**. Plaintiff has ten (10) days from the issuance of this Order to submit a filing containing: 1) the dates of events occurring before October 23, 2008, as well as allegations which can be used to identify these events; 2) the date, subject matter, and any other identifying information concerning pre-October 23, 2008, grievances Plaintiff may have filed; 3) more details concerning the "rumor and innuendo" Defendant purportedly spread and when Defendant did so; and 4) how Defendant's alleged statements and actions are connected to Plaintiff's alleged harm.

It is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**, in part, and that Plaintiff's monetary damages claims against Defendant in his official capacity be **DISMISSED**. Because it is unclear whether Plaintiff's substantive claims

AO 72A
(Rev. 8/82)

are plausible at this time, it is my **RECOMMENDATION** that the remaining portions of Defendant's Motion to Dismiss be **DENIED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 17th day of January, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)